(9 Misc. Rep. 221.)

MYERS et al. v. KASTAN.

(City Court of New York. General Term. June 20, 1894.)

ACTION ON NOTE—LIABILITY OF INDORSER.

In an action on a note against the second indorser thereof, a defense that the notes were indorsed without consideration and before delivery is not available where plaintiff obtained title from a subsequent indorser without a notice and before maturity.

Appeal from trial term.

Action by Samuel F. Myers and others against Johanna Kastan. From a judgment entered on a verdict directed by the court in favor of plaintiffs, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before FITZSIMONS, NEWBURGER, and CONLAN, JJ.

Nichols & Bacon, for appellant.

Einstein & Townsend, for respondents.

CONLAN, J. The defendant is sued as indorser of two promissory notes made by one Adolph Hess, payable to his own order and indors'd

by himself, the defendant, and others, and delivered to the plaintiffs before maturity. The notes are each dated January 4, 1894,—the first being for $143.92, payable, one month after date, at the Ninth National Bank, New York City; the other for a like amount, due two months after date, and payable at the same bank. The complaint is in the usual form, and alleges the making and delivery and indorsement of the notes for value before maturity, presentation, nonpayment, protest, and notice, and that the plaintiffs are the lawful owners, and the amount due thereon, with interest and protest fees. The defendant seeks to avoid liability by an allegation that the notes were given without consideration, and indorsed by her without consideration, and before delivery and before the legal inception thereof. The cause was tried before a jury, and a verdict directed for the plaintiffs at the close of all the evidence.

The plaintiffs' evidence is that the notes in question came to them in the ordinary business way for value, without notice of their origin. An intermediate indorser and holder for value, Ludwig Hess, negotiated the notes to the plaintiffs, and at the time they bore the indorsements of—First, the defendant; second, the Manhattan Watch & Jewelry Company; and, third, the negotiator, Ludwig Hess. The delivery of the notes to the plaintiff by Ludwig Hess, so indorsed, carried with it a guaranty of their genuineness, their validity, legal title, and payment on presentation and demand at maturity. The defendant was a second indorser, her name appearing in that capacity on the back of the notes at the time of their transfer to the plaintiffs, and the plaintiffs obtained title from a subsequent indorser without notice and before maturity, and on this evidence the plaintiffs were entitled to recover. If there is anything in the answer or defense of the defendant upon which a recovery in her favor could be predicated, there is no proof that the plaintiffs were in any way advised of the same. The allegations in the complaint are sufficiently broad to entitle the plaintiffs to recover, if the proof adduced sustains them. The notes, upon their face, state that they are made for value, and they are alleged to have been made and delivered, and indorsed by the defendant, before maturity, and for value, and the complaint is free from demurrer. We have already seen that the evidence warrants the verdict, and the direction of the court was not error. The judgment should be affirmed, with costs. All concur.